IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERIC C. MARTIN,<br>      Plaintiff,<br><br>v.<br><br>DELAWARE TITLE LOANS, INC. AND<br>S. MICHAEL GRAY,<br>      Defendants. | CIVIL ACTION<br><br>NO. 08-3322 |

## MEMORANDUM AND ORDER

Tucker, J.                                                                                                     October 1, 2008

Presently before this Court are Plaintiff's Motion to Remand to State Court and Defendant's Motion to Compel Arbitration. Plaintiffs assert that this Court lacks subject matter jurisdiction because the amount in controversy requirement for diversity jurisdiction under 28 U.S.C. § 1332 is not satisfied. Conversely, Defendants argue that this matter is properly before this Court, and further, that it is governed by a valid arbitration clause which compels the parties to arbitrate their disputes.

## BACKGROUND

Plaintiff, Eric C. Martin, a resident of the Commonwealth of Pennsylvania, brings this action for usury, conversion, and violations of the Fair Credit Extension Uniformity Act, 73 P.S. § 2270.1 *et seq.*, and Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1 *et seq.*. Defendant Delaware Title Loans, Inc. ("Delaware Title"), is a Delaware corporation, and Defendant S. Michael Gray serves as corporate counsel to Delaware Title.

In July of 2007, Plaintiff needed to purchase insurance for two automobiles and have both

automobiles inspected. Plaintiff and his wife required the vehicles for transportation to work, and due to unfavorable credit issues, sought to borrow money for these obligations.

On August 28, 2007, Plaintiff entered into a loan agreement with Delaware Title to borrow $1,150.00, secured by a lien on his automobile. The loan agreement provided for an interest rate of 299.99%, and stated that it "shall be construed, applied and governed by the laws of the State of Delaware." Loan Agreement ¶ 10. The loan agreement also contained an arbitration provision which stated that the provision would be governed by the Federal Arbitration Act ("FAA"). Id. at ¶ 11(b). It required that "[a]ny claim, dispute, or controversy... that in any way arises from or relates to" the agreement, be arbitrated on an individual, and not class action, basis before either the American Arbitration Association ("AAA") or the National Arbitration Forum ("NAF"). Id. at ¶ 11(e). The final page of the agreement contained a clause in bold-face print which instructed the borrower not to sign the loan agreement before reading the agreement and arbitration provision. Id. at ¶ 11(a). The agreement was fully executed by both Plaintiff and Delaware Title.

Plaintiff made payments to Delaware Title on the loan for nearly one year, paying twice the amount borrowed without any reduction reflected in the balance. After becoming unemployed and fearing repossession of his automobile, Plaintiff commenced an action against Defendants for usury in Pennsylvania at the Delaware County Court of Common Pleas. Plaintiff asserts that the interest rate charged violated Pennsylvania's usury statute. 41 P.S. § 408. The complaint seeks, among other relief, to have Plaintiff's loan declared unconscionable and therefore unenforceable, enjoin any enforcement action against him, including repossession of any automobile, and an order requiring Delaware Title "to remove its liens from the titles of all Pennsylvania car owners." Compl., ¶¶ 34 (c)(vii)(a-c).

On July 16, 2008, Defendants filed a timely Notice of Removal (Doc. 1) in the United States District Court for the Eastern District of Pennsylvania, on the basis of diversity jurisdiction. Plaintiff filed an Amended Complaint (Doc. 6) on July 25, 2008, eliminating the requests for declaratory and injunctive relief that appeared in the Original Complaint filed on June 26, 2008.

## DISCUSSION

### A. The Requirements for Diversity Jurisdiction Provided in 28 U.S.C. § 1332(a) Have Been Satisfied.

The first issue that this Court must determine is whether the requirements for diversity jurisdiction are satisfied. 28 U.S.C. 1332(a) provides in relevant part that federal district courts shall have diversity jurisdiction over all civil actions where the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and the controversy exists between citizens of different states.

Plaintiff contends that the complaint only seeks damages in the amount of $3,570.00, well below the amount in controversy requirement, and that consequently, this Court may not properly exercise jurisdiction. Relying on the request for declaratory and injunctive relief that appeared in the Original Complaint, Defendants assert that Delaware Title would be deprived of assets and outstanding principal valued at more than $1,714,509.00, clearly satisfying the amount in controversy requirement.

Plaintiff argues that Defendants' claim of federal jurisdiction is premised on two erroneous assumptions, first that this matter is a class action, and second, that the amount of controversy requirement cannot be satisfied by aggregating the claims of putative class members.

3

According to Plaintiffs, Defendants have mischaracterized the Original Complaint as a class action, when Plaintiff claims to only request individual relief. Plaintiff responded by eliminating the requests for declaratory and injunctive relief in an Amended Complaint. Plaintiff alleges that the filing of the Amended Complaint served only to alleviate any confusion regarding the nature of the action. However, Defendants assert that elimination of the requests for declaratory and injunctive relief was merely for the purpose of defeating federal jurisdiction. This Court agrees.

A subsequent amendment to the complaint after removal will not defeat federal jurisdiction. Westmoreland Hosp. Ass'n. V. Blue Cross of W. Pa., 605 F.2d 119, 123 (3d Cir. 1979). Courts consider the amount in controversy as of the filing of the Original Complaint to determine federal jurisdiction. A plaintiff following removal cannot destroy federal jurisdiction simply by amending a complaint that initially satisfied the monetary floor. Angus v. Shiley Inc., 989 F.2d 142, 145 (3d Cir. 1993).

Plaintiff characterizes the requests for declaratory and injunctive relief on behalf of "all Pennsylvania car owners" in the Original Complaint as "loosely worded" (Pl. Mot. to Rem. 5). Yet, this characterization carries little weight. Plaintiff gratuitously volunteered these words on the face of the Original Complaint. Whether Plaintiff later determined that these words were improvident or mere surplusage is not the test. Westmoreland Hosp. Ass'n, 605 F.2d at 123. Considering the complaint at the time of removal, as we must, it is not necessary to construe this matter as a class action to reach this result. Plaintiff's Original Complaint unmistakably requests a Court Order that "Delaware Title remove its liens from the titles of all Pennsylvania car owners". Compl., ¶¶ 34 (c)(vii)(a-c). As a result, Defendants' allegation that the amount in controversy is $1,714,509.00 was based on the value of the relief that Plaintiff expressly sought,

4

not, as Plaintiff asserts, on any assumption that this matter was intended as a class action.

Since the parties to this action are citizens of different states, and the relief sought concerns assets and outstanding principal valued at more than $1,714,509.00, exclusive of interests and costs, the requirements for diversity jurisdiction provided in § 1332(a) have been satisfied. As such, this Court has subject matter jurisdiction and may properly adjudicate this matter.

### B.  The Arbitration Provision is Valid.

The next issue raised is whether the arbitration provision in the loan agreement is valid, requiring the parties to arbitrate their disputes. Section 2 of the FAA, 9 U.S.C. § 2 makes arbitration agreements "valid, irrevocable, and enforceable":

> "A written provision in . . . a contract . . . to settle by arbitration a controversy thereafter arising out of such contract . . . or an agreement arising out of such a contract . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

Under the FAA, in order to determine whether there is an enforceable arbitration agreement between the parties that compels arbitration and a stay or dismissal of the present action, a court must consider: (1) whether a valid agreement to arbitrate exists between the parties and (2) whether the specific dispute falls within the substance and scope of that agreement. Trippe Mfg. Co. v. Niles Audio Corp., 401 F.3d 529, 532 (3d Cir. 2005) (citations omitted).

Before compelling an unwilling party to arbitrate, the court is required to engage in a limited review to ensure that the dispute is arbitrable. See AT&T Tech v. Comm. Workers of Am., 475 U.S. 643, 649 (1986). If it is determined that an arbitration agreement exists and that

5

the dispute falls within the scope of the agreement, the FAA requires the court to refer the matter to the arbitration proceedings. 9 U.S.C.A. § 3.

The federal policy encouraging recourse to arbitration requires federal courts to first look toward the relevant state law of contracts in deciding whether an arbitration agreement is valid under the FAA. See First Options of Chi., Inc. v. Kaplan, 514 U.S. 938, 944 (1995). Applying the relevant state contract law, a court may . . . hold that an agreement to arbitrate is unenforceable based on a generally applicable contractual defense such as unconscionability.'" Parilla v. IAP Worldwide Services, VI, Inc., 368 F.3d 269, 275 (3d Cir. 2004) (quoting Alexander v. Anthony Intern., L.P., 341 F.3d 256, 264 (3d Cir. 2003)).

A party challenging a contract provision as unconscionable generally bears the burden of proving that the provision is procedurally and substantively unconscionable. Alexander v. Anthony Int'l, L.P., 341 F.3d 256, 265 (applying Pennsylvania law). "Procedural unconscionability pertains to the process by which an agreement is reached and the form of an agreement, including the use therein of fine print and convoluted or unclear language." Id. (citing Harris, 183 F.3d at 181). Substantive unconscionability refers to terms that unreasonably favor one party to which the disfavored party does not truly assent. Id..

Here, Plaintiff has failed to demonstrate that the arbitration provision is either procedurally or substantively unconscionable. Plaintiff alleges that the loan agreement is procedurally unconscionable because he was not given the opportunity to negotiate terms such as the interest rate, arbitration provision, and choice of law. However, these allegations relate to the merits of Plaintiff's claims, not the process by which the agreement was formed. There is no suggestion that Plaintiff was misled or forced into executing the loan agreement. Rather, the

arbitration provision provides an unconditional right to reject arbitration without affecting any other provision of the loan agreement. In bold-face print, the provision states that a borrower may reject the provision within fifteen (15) days after the date of the agreement. Loan Agreement ¶ 11(a). Plaintiff did not reject the arbitration provision. Additionally, Plaintiff has not alleged the use of fine print and convoluted or unclear language in the agreement. Plaintiff read and executed the loan agreement, and further chose not to exercise the right to reject the arbitration provision. There is no indication from the formation of the agreement, or Plaintiff's review of the content of the agreement prior to signing, that Plaintiff did not truly assent to its terms.

Further, Plaintiff challenges the contract as a whole through allegations that the loan agreement is a pre-printed form contract that was presented on a "take-it-or-leave-it" basis. However, this is not a matter for this Court, but rather a matter for the arbitrator. Where a challenge is to the validity of a contract as a whole rather than specifically to the arbitration clause within it, the dispute must be resolved by the arbitrator, not the court. Buckeye Check Cashing, Inc., v. Cardegna, et al., 126 S. Ct. 1204, 1209 (2006); see also Prima Paint Corp. v. Flood & Conklin Mfg. Co., 388 U.S. 395 (1967); Southland Corp. v. Keating, 465 U.S. 1 (1983).

Moreover, Plaintiff's allegations regarding the illegality of the choice of law provision in the loan agreement are without merit. Pennsylvania courts generally honor the intent of the contracting parties and enforce choice of law provisions in contracts executed by them. Gay v. CreditInform, 511 F.3d 369, 389 (3d Cir. 2007). Consequently, Plaintiff's assertions that this provision is a violation of Pennsylvania law are irrelevant, since the loan agreement states that Delaware law, and not Pennsylvania law, will govern the agreement.

Beyond unconscionability, which Plaintiff has failed to demonstrate, this Court finds no other generally applicable contractual defense under state contract law that would apply to invalidate the arbitration provision. As a result, this Court finds that a valid arbitration agreement exists between the parties.

This Court must also determine whether Plaintiff's claims are within the scope of the arbitration agreement. Here, all of Plaintiff's claims fall squarely within the scope of the arbitration provision, which provides that "[a]ny claim, dispute, or controversy... that in any way arises from or relates to" the agreement, be arbitrated on an individual, and not class action, basis before either the American Arbitration Association ("AAA") or the National Arbitration Forum ("NAF"). Loan Agreement ¶ 11(e). Each of Plaintiff's claims arises from or relates to the loan agreement. "If a valid arbitration agreement exists between the parties and the . . . claim is within the scope of the agreement, the controversy must be submitted to arbitration." Messa v. State Farm Ins. Co., 641 A.2d 1167, 1170 (Pa. Super. Ct. 1994). Because this Court finds a valid arbitration agreement, and that all of Plaintiff's claims are within the scope of the agreement, the parties must arbitrate their disputes.

As Plaintiff has failed to demonstrate that the arbitration provision is invalid, this Court will enforce the arbitration provision, which compels the parties to arbitrate their disputes.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERIC C. MARTIN,<br>         Plaintiff,<br><br>v.<br><br>DELAWARE TITLE LOANS, INC. AND<br>S. MICHAEL GRAY,<br>         Defendants. | :<br>:<br>:<br>:  CIVIL ACTION<br>:<br>:  NO. 08-3322<br>:<br>:<br>:<br>: |

## ORDER

AND NOW, this 1st of October, 2008, upon consideration of Plaintiff's Motion to Remand to State Court (Doc. 7), and Defendant's Response in Opposition (Doc. 10), **IT IS HEREBY ORDERED AND DECREED** that Plaintiff's Motion to Remand to State Court is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Compel Arbitration (Doc. 4) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant's Amended Motion to Compel Arbitration (Doc. 9) is **DISMISSED AS MOOT**.

BY THE COURT:

/s/ Petrese B. Tucker
Hon. Petrese B. Tucker, U.S.D.J.